IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

FRANCISCO FRANCO,
                    PLAINTIFF,

vs.

THE BOARD OF COUNTY COMMISSIONERS
FOR THE COUNTY OF ROOSEVELT, INITS
OFFICIAL CAPACITY, CHARLENE WEBB,
In her individual and official capacities,
DAVID CASINOVA, in his individual and
Official capacities, and TAMARA PEEL,
In her individual and official capacities
                    DEFENDANTS      No. _____

## CIVIL COMPLAINT FOR CIVIL RIGHTS VIOLATIONS

COMES NOW, Plaintiff Francisco Franco, by and through his undersigned attorney Eric D. Dixon, Attorney and Counselor at Law, P.A., Portales, New Mexico, and for his Civil Complaint for Civil Rights Violations states:

## PARTIES

1. Plaintiff is a resident of Roosevelt County, New Mexico.

2. Defendant Board of County Commissioners for the County of Roosevelt (County), is the political subdivision recognized by the laws of the State of New Mexico, which can be sued pursuant to NMSA 1978 § 4-46-1 is located in Roosevelt County, New Mexico, is a person within the meaning of

1

42U.S.C. §1983, and acted under color of state law, local ordinance, custom, procedure, and/or policy to deny Plaintiff his constitutional rights, and engaged in the unconstitutional acts outlined in this Complaint.

3. Defendant Charlene Webb, is the County Manager for the Board of County Commissioners of Roosevelt County, and is believed to be a resident of Roosevelt County, New Mexico. As the County Manager, he is the final decision maker within the County of Roosevelt on decisions under the rules and regulations of the County of Roosevelt and acted under color of state law, local ordinance, custom and/or policy and within the scope of her duties, and engaged in the unconstitutional acts as outlined in this Complaint.

4. Defendant David Casinova is the Roosevelt County Detention Center Administrator for the Board of County Commissioners for Roosevelt County and is believed to be a resident of Roosevelt County, New Mexico. He is a decision maker in the operation of the Roosevelt County Adult Detention Center under the rules and regulations of the Board of County Commissioners of Roosevelt County, and acted under color of state law, local ordinance, custom and/or policy and within the scope of his duties, and engaged in the unconstitutional acts as outlined in this Complaint.

5. Defendant Tamara Peel is the Misdemeanor Probation Monitoring Officer for Roosevelt County Magistrate Court pursuant to an agreement with the Roosevelt County Board of County Commissioners. She receives a five percent "handling fee" for probation costs of probationers including Plaintiff. She is a decision maker in probation/incarceration matters under the rules and regulations of the Roosevelt County Board of County Commissioners and acted under color of state law, local ordinance, custom and/or policy and within the scope of her duties, and engaged in the unconstitutional acts as outlined in this Complaint.

## VENUE

6. Venue rests with this Court under 28 U.S.C. §1983.

## JURISDICTION

7. Jurisdiction is conferred by 28 U.S.C. §§ 1331 and 1343.

8. Jurisdiction over the state claims are conferred by 28 U.S.C. §1367.

## COMMON FACTS

9. Plaintiff was placed on probation on April 12th, 2012 in Roosevelt County Cause Number D-0911-CR-201000206 for a misdemeanor.

10. Thereafter on April 1st, 2013, Tamara Peel the Magistrate Probation Officer made a "Motion for Discharge" in the above cause of action.

11. The "Motion for Discharge" was granted on March 7th, 2013 by the Honorable Drew Tatum.

12. Thereafter, on June 12, 2013, Tamara Peel filed a "Report of Probation" violation in the above cause of action despite the fact that Plaintiff was no longer on probation and had been discharged from probation over three months previously.

13. A bench warrant for Plaintiff's arrest was issued at the insistence of Tamara Peel on June 14th, 2013 despite the fact that Plaintiff was no longer on probation.

14. The bench warrant was served upon Plaintiff on July 1st, 2013 and Plaintiff was incarcerated in the Roosevelt County Detention Center beginning July 1st, 2013.

15. Plaintiff was in jail between July 1st, 2013 and July 22nd, 2013 when it was "discovered" at his arraignment that Plaintiff had been discharged from probation on March 7th, 2013 in this cause of action. Plaintiff was released from jail after spending 21 days in jail for non-existent probation violation.

16. The Defendants had a policy, custom and routine of failing to properly conduct records checks and keeping individuals incarcerated at the Roosevelt County Detention Center without valid charges.

17. Plaintiff placed Defendants on notice of this violation of his civil rights on July 23rd, 2013 by Notice of tort claim, but no response was received back.

18. As a result of Plaintiff's wrongful incarceration he lost his job and was unable to support his children.

## FIRST CAUSE OF ACTION

## (DEPRIVATION OF DUE PROCESS)

19. Plaintiff re-alleges and incorporates by reference the allegations contained in the above paragraphs. Plaintiff further alleges:

20. The Plaintiff had substantive due process interest in his safety and well being pursuant to the Fourth and Fourteenth Amendments to the United States Constitution.

21. The Defendants deprived Plaintiff of his safety and well being without justification. This deprivation of his substantive due process rights was arbitrary and capricious.

22. Plaintiff's substantive due process interest gave rise to a right to procedural due process.

23. The actions of the Defendants deprived Plaintiff of his substantive due process rights without the procedure to which he was entitled under the laws of the State of New Mexico including his right to liberty and freedom from unlawful arrest and arrest without valid charges which is prohibited under the New Mexico and United States constitution.

24. The actions of the Defendants, individually, and collectively, deprived Plaintiff of fundamental rights under the constitution and were "shocking to the conscience."

25. As a result of the unconstitutional acts of the Defendants Plaintiff endured significant pain and suffering, physical maladies, and humiliation and ridicule.

26. The actions of the Defendants were willful, wanton, reckless and malicious.

## COUNT II-UNLAWFUL ARREST IN VIOLATION OF THE FOURTH AND FOURTEENTH AMENDMENTS AGAINST DEFENDANTS

27. Plaintiff incorporates by reference the paragraphs above and below by reference.

28. Defendant Peel caused Plaintiff to be arrested on July 1st, 2013 without probable cause.

29. The actions of Defendant Peel in causing Plaintiff to be arrested without probable cause were objectively unreasonable, intentional, willful, wanton, obdurate, and in gross and reckless disregard of Plaintiff's rights under the Fourth and Fourteenth Amendments to the United States Constitution.

30. The unlawful detention of Plaintiff by Defendant proximately caused him damages and injuries. These damages include physical injuries, physical pain and suffering, lost income, and psychological and emotional distress.

## COUNT III STATE TORT CLAIMS AGAINST DEFENDANT BOARD OF COUNTY COMMISSIONERS FOR ROOSEVELT COUNTY

31. The allegations contained above and below are incorporated herein by reference.

32. Defendant Casinova is liable to Plaintiff for false imprisonment, and deprivation of Plaintiffs rights, privileges and immunities secured by the constitution and laws of the United States and New Mexico.

33. Defendant Roosevelt County Board of County Commissioners as the individual Defendant's employer, is vicariously liable for torts they

committed within the course and scope of his duty as a law enforcement officer.

## REQUEST FOR RELIEF

WHEREFORE, Plaintiff asks for the following relief:

I. Actual and compensatory damages sufficient to make him whole;

II. Punitive damages against Defendants sufficient to punish and deter further wrongdoing;

III. Equitable relief sufficient to remedy the wrongs and prevent future violations;

IV. Attorneys fees, expenses, costs, pre-judgment interest and post-judgment interest as provided by law; and

V. Such other and further relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff demands a jury trial pursuant to the VII amendment to the United States constitution.

Respectfully Submitted:

/s/ Eric D. Dixon

_____
Eric D. Dixon
Attorney and Counselor at Law, P.A.
301 South Avenue A,
Portales, New Mexico, 88130
(575) 359-1233
Facsimile: (575)356-4946
Attorney for Plaintiff