IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

FRANCISCO FRANCO,

    Plaintiff,

v.                                                     CIV No. 13-714 LH/GBW

BOARD OF COUNTY COMMISSIONERS
FOR THE COUNTY OF ROOSEVELT,
CHARLENE WEBB, DAVID CASINOVA,
and TAMARA PEEL,

    Defendants.

## ORDER STAYING CASE

THIS MATTER is before the Court on Defendants' Motion to Stay Discovery. *Doc. 19*. The Court, having reviewed the Motion, and having considered the oral response from Plaintiff's counsel (*see doc. 20*), will GRANT the motion.

**I.    BACKGROUND**

On August 2, 2013, Plaintiff Francisco Franco filed a complaint pursuant to 42 U.S.C. § 1983, alleging violations of his civil rights by Defendants, as well as state tort claims against Defendant Board of County Commissioners for Roosevelt County. *Doc. 1*. Plaintiff alleges that Defendants deprived him of his right to due process and his right to be free from unlawful arrest when he was arrested and incarcerated for a probation violation despite having been discharged from probation several months previously. *Id.*

On October 18, 2013, Defendants filed a motion for summary judgment on the basis of both absolute immunity and qualified immunity. *Doc. 18.* Defendants filed their Motion to Stay Discovery Based on Qualified Immunity on October 23, 2013, in which Defendants noted that they had not been able to contact Plaintiff's counsel to determine whether Plaintiff opposed the Motion. *Doc. 19.* On October 25, 2013, the Court held a Rule 16 Scheduling Conference, at which point Plaintiff's counsel elected to make an oral response to Defendants' motion. Plaintiff argues that only Defendant Webb and Casinova would be entitled to a qualified immunity defense. As to them, Plaintiff argues that he requires additional information to respond to the pending summary judgment motion. *Doc. 20.*

## II.   STANDARD OF REVIEW

"Qualified immunity balances two important interests—the need to hold public officials accountable when they exercise power irresponsibly and the need to shield officials from harassment, distraction, and liability when they perform their duties reasonably." *Pearson v. Callahan*, 129 S. Ct. 808, 815 (2009). The Supreme Court has repeatedly highlighted the broad protection that this defense provides and has stressed that it protects officials not only from having to stand trial, but from having to bear the burdens attendant to litigation, including pretrial discovery. *See Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1953 (2009); *see also Saucier v. Katz*, 533 U.S. 194, 200 (2001). Because qualified immunity protects against the burdens of discovery as well as trial, the Court has also emphasized that trial courts should resolve the issue before discovery if at all possible.

2

*See Siegert v.Gilley*, 500 U.S. 226, 231-33 (1991); *Harlow v. Fitzgerald*, 457 U.S. 800, 818-19 (1982) ("Until this threshold immunity question is resolved, discovery should not be allowed."); *accord Jones v. City and Cnty. of Denver*, 854 F.2d 1206, 1211 (10th Cir. 1988). As a consequence, the Tenth Circuit holds that when defendants file a dispositive motion based on qualified immunity, they are ordinarily entitled to a stay of discovery. *Jiron v. City of Lakewood*, 392 F.3d 410, 414 (10th Cir. 2004); *Workman v. Jordan*, 958 F.2d 332, 336 (10th Cir. 1992). Moreover, the qualified immunity defense may be asserted at various stages in the litigation process. *See Robbins v. Wilkie*, 433 F.3d 755, 762-63 (10th Cir. 2006), *rev'd on other grounds*, 549 U.S. 1075 (2006) (citing *Behrens v. Pelletier*, 516 U.S. 299, 309 (1996)) (noting Supreme Court's holding that qualified immunity may be raised at multiple stages because "different legal factors are relevant at various stages").

### III.  ANALYSIS

Upon review of the briefing and oral argument in this matter, the Court finds that a stay is appropriate. The individual Defendants have raised a qualified immunity defense, and the Court sees no reason why this case should be excluded from the general rule that, when a defendant files a motion asserting the defense of qualified immunity, he is entitled to a stay of discovery.

As to Plaintiff's argument that only two of the named Defendants are entitled to raise the qualified immunity defense, such does not undermine the need for a stay of all discovery. As the Supreme Court has explained, it "is no answer to … say that discovery for petitioners can be deferred while pretrial proceedings continue for other

defendants. It is quite likely that, when discovery as to the other parties proceeds, it would prove necessary for petitioners and their counsel to participate in the process to ensure the case does not develop in a misleading or slanted way that causes prejudice to their position. Even if petitioners are not yet themselves subject to discovery orders, then, they would not be free from the burdens of discovery." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1953 (2009). Thus, even where some defendants are not protected by qualified immunity, a stay of all discovery is generally appropriate.

As to Plaintiff's assertion that additional discovery is necessary for his response to the pending summary judgment motion, a general stay would not interfere with such discovery. Rule 56(d) provides a mechanism by which a party can seek additional discovery when such is necessary for a summary judgment response. Fed. R. Civ. P. 56(d). Thus, even if the Court grants a general stay at this point, Plaintiff is free to seek discovery specifically targeted at Defendants' summary judgment motion. Of course, to do so, Plaintiff must satisfy the requirements of Rule 56(d). *See Trask v. Franco*, 446 F.3d 1036, 1042 (10th Cir. 2006); *Ben Ezra, Weinstein & Co. v. Am. Online Inc.*, 206 F.3d 980, 987 (10th Cir. 2000); *Lewis v. City of Ft. Collins*, 903 F.2d 752, 758 (10th Cir. 1990).

IV.   CONCLUSION

Wherefore, IT IS HEREBY ORDERED that Defendants' Motion to Stay Discovery, *doc. 19*, is GRANTED. All discovery in this matter is hereby STAYED pending the Court's disposition of Defendants' motion for summary judgment. *See doc. 18.* This ruling does not prohibit Plaintiff from seeking limited discovery pursuant to Federal

Rule of Civil Procedure 56(d).

_____
GREGORY B. WORMUTH
UNITED STATES MAGISTRATE JUDGE

5