IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

FRANCISCO FRANCO,
                    Plaintiff,

vs.

BOARD OF COUNTY COMMISSIONERS
FOR THE COUNTY OF ROOSEVELT, in its
Official capacity; CHARLENE WEBB, in her
Individual and official capacities; DAVID
CASINOVA, in his individual and official
Capacities, and TAMARA PEEL, in her
Individual and official capacities,
                    Defendants                    No. 13-CV-714-LH/GBW

**PLAINTIFF'S RESPONSE AND MEMORANDUM IN
OPPOSITION TO "MOTION FOR SUMMARY JUDGMENT
BASED ON ABSOLUTE IMMUNITY AND QUALIFIED IMMUNITY"**

COMES NOW, Plaintiff Francisco Franco, by and through his undersigned

attorney Eric D. Dixon, Attorney and Counselor at Law, P.A., Portales, New

Mexico, and for his Response and Memorandum in Opposition to "Motion for

Summary Judgment based on Absolute Immunity and Qualified Immunity" states:

I.      **INTRODUCTION**

Plaintiff Francisco Franco brings this civil law-suit for deprivation of due

process; unlawful arrest in violation of the Fourth and Fourteenth Amendments

and State law claims against the Board of County Commissioners.[Doc.1].

1

The Defendant in their Motion for summary judgment attempt to confuse the original sentence which placed Plaintiff on probation, with the actual order of the Court (approved by the independent contractor Probation Monitoring Officer), that ended any and all obligation to report or be supervised by the Misdemeanor Monitoring officer as of March 7th, 2013. The Defendants' claims that Plaintiff was actually still on probation after March 7th, 2013 is apocryphal nor supported by the record. Thus, the independent contractor Peel's attempt to revoke Plaintiff's probation after June 7th, 2013 was without any lawful authority. Further, the jail administrator and the County Administrator knew or reasonably should have known that Plaintiff was being unlawfully held, but did absolutely nothing in reckless disregard for his constitutional rights. Thus, the Motion for Summary Judgment should be denied because there are material issues of fact in dispute between the parties, and the Defendants are not entitled to judgment as a matter of law.

## II.    THE MOTION VIOLATES N.M.L.R.CIV.-7.1 (a)

"Movant must determine whether a motion is opposed, and a motion that omits recitation of a good-faith request for concurrence may be summarily denied." N.M.L.R.CIV.-7.1 (a). The Defendants did not seek in good faith a determination regarding opposition to the Motion. This Local Rule is there for an

important reason, to wit: to cut down on or reduce motion practice by requiring

the parties to confer first. Since Defendants have failed to follow the local rules in

such a cavalier fashion the motion should be dismissed.

## III.   <u>SUMMARY JUDGMENT STANDARD</u>

The movant bears the initial burden of "show[ing] that there is an absence

of evidence to support the nonmoving party's case." *Bacchus Indus. Inc. v. Arvin*

*Indus. Inc.,* 939F.2d887, 891(10th Cir. 1991). Summary judgment on the basis of

qualified immunity is inappropriate where there is a factual dispute involving an

issue on which qualified immunity turns. *Poe v. Haydon,* 853F.2d418, 426(6th Cir.

1988). The court's role is not to weigh the evidence, but to assess the threshold

issue whether a genuine issue exists as to material facts requiring a trial.

*Anderson v. Liberty Lobby, Inc.,* 477U.S.242,249, 106S.Ct.2505, 91L. Ed.

2d202(1986).

## IV.   <u>RESPONSE TO "STATEMENT OF UNDISPUTED MATERIAL FACTS"</u>

1. The following facts are undisputed for the purposes of the summary

   judgment motion, to wit: paragraph 1, 5, 6, 7, 8 and 21.

2. There are material issues of fact in dispute regarding paragraph 2, to wit:

   i.   Tamara Peel was at all times material, an independent

        contractor.[Plaintiff's Exhibit 6, §5; Plaintiff's Exhibit 2, ¶5].

    ii.    Tamara Pell was "not an agent or employee of the County and will not be considered and (sic) employee of the County for any purpose.[*Id.*].

    iii.    Tamara Peel was "responsible for payment of the State of New Mexico Gross Receipts Taxes levied on the amounts payable….[and] also …responsible for any and all State and Federal employment, social security, and income taxes including but not limited to FUTA, SUTA, worker's comp, Medicare, and other taxes and fees applicable to the amounts received….[*Id.*§4].

    iv.    "CCOs shall not have arrest powers and must observe and respect all due process rights of all defendants.[Defendant's Exhibit P, §7 a.].

3.  There are material issues of fact in dispute between the parties regarding paragraph 3, to wit:

    i.    At all times Tamara Peel was an independent contractor.[Plaintiff's Exhibit 6, §4 and 5].

4.  There are material issues of fact in dispute between the parties regarding paragraph 9, 10, and 11, to wit:

    i.    On March 19th, 2013 the Deputy District Attorney, Brian Stover, filed a "Notice of Dismissal" with the Ninth Judicial District Court Clerk

4

stated: "Defendants (sic) probation expired on March 7,

2013.[Plaintiff's Exhibit 3].

ii.   On March 7th, 2013 Judge Drew Tatum signed an "Order" stating:

"Francisco Frano be discharged from the terms of probation." The

"Order" was filed with the Ninth Judicial District Court Clerk on April

1st, 2013.[Plaintiff's Exhibit 4].

5.   There are material issues of fact in dispute between the parties regarding

paragraph 12, to wit:

i.   The "Notice of Dismissal" does not say that "Count I had expired on

March 7, 2013" but states that the "CHARGE(S)" related to "Count I:

Special Condition E of the Report of Probation Violation filed on

January 2, 2013."[Plaintiff's Exhibit 3].

ii.   On March 7th, 2013 Judge Tatum "discharged" Plaintiff "from the

terms of probation" not limiting the "discharge" to one particular

count.[Plaintiff's Exhibit 4].

6.   There are material issues of fact between the parties as to paragraph 13, to

wit:

i.     Tamara Peel's "Motion for Discharge" requested that "defendant be discharged from probation" not just probation for one charge or the other.[Plaintiff's Exhibit 4].

ii.    Judge Tatum "discharged" Plaintiff from all "terms of probation on March 7th, 2013.[Plaintiff's Exhibit 4].

iii.   The District Attorney's office dismissal of the probation violation noted that "Defendants (sic) probation expired March 7, 2013.[Plaintiff's Exhibit 3].

7. There are material issues of fact in dispute between the parties as to paragraph 14, to wit:

i.     The purpose and intent of Plaintiff's Exhibit 4 and Exhibit H was to discharge Plaintiff permanently from probation. See Plaintiff's Exhibit 4].

8. There are material issues of fact in dispute between the parties as to paragraph 15, to wit:

i.     Plaintiff's probation expired on March 7th, 2013.[Plaintiff's Exhibit 1, ¶2 and 3].

ii.    Plaintiff did not speak or see Tamara Peel between July 1st, and July 22nd, 2013.[*Id.*¶4].

iii.   After July 22nd, 2013 Tamara Peel did not required that Plaintiff ever

report to her office for any probation meetings, nor have any charges

been filed against Plaintiff alleging that he was in violation of

probation including failure to report to her.[Plaintiff's Exhibit 1, ¶8].

9.   There are material issues of fact in dispute between the parties regarding

paragraph 16, to wit:

i.   The allegations contained in paragraph 16 are inadmissible hearsay

and are subject to being stricken by the Court. See Fed. R. Civ. Proc.

56 c (1)(4).

ii.   Plaintiff was not on probation as of June 12th, 2013.[Plaintiff's Exhibit

1, ¶2, 3; Plaintiff's Exhibit 3; Plaintiff's Exhibit 4; Plaintiff's Exhibit 5].

10. There are material issues of fact in dispute between the parties regarding

paragraph 17, 18, and 19 to wit:

i.   Plaintiff was not on probation on June 12th or thereafter. [ *Id.*].

11. There are material issues of fact in dispute between the parties regarding

paragraph 20, to wit:

i.   The Roosevelt County Detention Center did nothing between July 1st,

2013 and July 22nd, 2013 to determine whether Plaintiff was being

held lawfully.[Plaintiff's Exhibit 1, ¶4, 5,6,7,8].

## V.   **ADDITIONAL MATERIAL FACTS:**

Comes Now, Plaintiff pursuant to D.N.M. L.-R Civ. 56.1(b) and submits additional facts other than those which respond to the Memorandum which the Plaintiff contends are material to the resolution of the motion, to wit:

**A.** Plaintiff was discharged by Judge Tatum from all terms and conditions of probation on March 7th, 2013 for good behavior.[Plaintiff's Exhibit 1, ¶3].

**B.** The Ninth Judicial District Attorney's office stated in court documents filed March 19th, 2013 that "Defendants (sic) probation expired on March 7th, 2013.[Plaintiff's Exhibit 1, ¶2].

**C.** Plaintiff told multiple jail employees between July 1st, 2013 and July 22nd, 2013 that he should not be in jail, but no action was taken to verify his complaint. A review of the Court's file available on line would have shown that Plaintiff was discharged from probation.[Plaintiff's Exhibit 1, ¶6].

**D.** Tamara Peel is very aggressive in the performance of her duties as an independent contractor.[Plaintiff's Exhibit 2, ¶5,6].

**E.** After David Casanova began his employment at the Roosevelt County Detention Center in December, 2009, the County Manager Charlene Harding (now Webb) took an interest in the operation of the Detention

8

Center. She had final decision making authority for matters concerning the

Detention Center. However, she has absolutely no training in the lawful and

constitutionally proficient operation of a detention center and in fact did

not operate the Detention Center in a lawful and constitutionally proficient

manner including ensuring that inmates were properly in

detention.[Plaintiff's Exhibit 2, ¶8].

**F.** There have been a number of instances where it was discovered by the

Detention Center that the inmate had no pending charges against

them.[Plaintiff's Exhibit 2, ¶9].

**G.** There is an inordinate amount of turn-over of employees at the Roosevelt

County Detention Center.[Plaintiff's Exhibit 2, ¶10].

**H.** David Casanova makes up arbitrary rules and employees generally have no

idea of any policies and procedures.[Plaintiff's Exhibit 2, ¶11].

**I.** Policies and procedures regarding ensuring inmates have actual pending

charges are non-existent. [Plaintiff's Exhibit 2, ¶12].

**J.** A review of the court file available on line would have shown Plaintiff had

been discharged from probation on March 7th, 2013.[Plaintiff's Exhibit 1,

¶3,6].

9

**K.** Tamara Peel has not required Plaintiff to report for probation since July 22nd, 2013 or notified him that he is any way in violation of probation for not reporting.[Plaintiff's Exhibit 1, ¶8].

## VI.    IMMUNITY DOES NOT PROTECT THE MISDEMEANOR PROBATION OFFICER BECAUSE SHE IS AN INDEPENDENT CONTRACTOR

The question of whether a person or entity is an independent contractor or a government employee is a matter of law. *Leone v. United States,* 910F.2d46, 48(2nd Cir. 1990). In making this determination, the court considers whether the government retained the authority "to control the detailed physical performance of the contract," such that the contractors' "day-to-day operations are supervised by the government. *Id.* at49-50 (internal citations omitted). General oversight by the government does not suffice to qualify a person or entity as a government employee rather than an independent contractor. See *Id.*  at 50; *O'Neill v. U.S.,* 927F.Supp.599, 606-07(E.D.N.Y.1996)("[N]either the retention of the right to inspect the contractor's work, nor the power to control a contractor's compliance with the contract's specifications, is sufficient to convert the contractor's status from an independent contractor to an agent of the government.").

In the present case, it is undisputed that Tamara Peel is an independent contractor. [Plaintiff's Exhibit 6]. The agreement between the Board of County

Commissioners and Peel "calls for the performance of services by the Contractor as an independent contractor. The Contractor is not an agent or employee of the County and will not be considered and (sic) employee of the County for any purpose.[*Id.*§5]. See *Koohi v. United States,* 976 F.2d 1328, 1331(9th Cir. 1992)("The plaintiff's action against the [contractor] is not barred by sovereign immunity. Private parties are not entitled to such a defense."); *Foster v. Day & Zimmermann, Inc.,* 502F.2d867, 874(8th Cir. 1974)("The doctrine of sovereign immunity may not be extended to cover the fault of a private corporation, no matter how intimate its connection with the government.").

The movant bears the initial burden of "show[ing] that there is an absence of evidence to support the nonmoving party's case." *Bacchus Indus. Inc. v. Arvin Indus. Inc.,* 939F.2d887, 891(10th Cir. 1991). Summary judgment on the basis of qualified immunity is inappropriate where there is a factual dispute involving an issue on which qualified immunity turns. *Poe v. Haydon,* 853F.2d418, 426(6th Cir. 1988).

**VII.   <u>ABSOLUTE IMMUNITY DOES NOT APPLY</u>**

On page 10 of the Motion for Summary Judgment, Defendants claim that "absolute judicial immunity applies to court employees or agents who assist with a court's orders or whose duties have an integral relation to the judicial

process…."[Motion for Summary Judgment, pg. 10]. The case of *Whitesel v. Sengenberger,* 222 F.3d 861, 867(10th Cir. 2000) cited by the Defendants for this proposition. However, *Whitesel* protects only quasi judicial acts. *Stein v. Disciplinary Board of New Mexico,* 520F.3d1183, 1191(10th Cir. 2008)(rejecting absolute immunity for disciplinary counsel). As in *Stein* the Defendants have not pointed to any directive, order, or even a rule, under which she has acted. *Id.* Indeed, Plaintiff was not on probation according to the Assistant District Attorney Brian Stover after March 7th, 2013.[Plaintiff's Exhibit 3]. Judge Tatum "discharged" Plaintiff "from the terms of probation" effective March 7th, 2013 at the request of Tamara Peel the contract "Misdemeanor Probation Monitoring Officer."[Plaintiff's Exhibit 5].

Further, the "bench warrant" issued on July 2nd, 2013 [Defendants Exhibit I] was issued before the District Attorney had filed any Motion to revoke probation as required by NMRA Rule 5-805 F.[Defendant's Exhibit J]. In addition, the court had no jurisdiction over the Plaintiff and any warrant issued against him was outside of the Court's jurisdiction. In *Stump v. Sparkman,* 435U.S.349,255-56(1978) the United States Supreme Court held that a judge, and by extension a court clerk, is not immune for actions though judicial in nature, taken in the complete absence of all jurisdiction.

Tamara Peel had no lawful court order after March 7th, 2013 requiring

Plaintiff to report monthly to her office. In fact, she knew the exact opposite.

Plaintiff had been released from all probation on March 7th, 2013. Nor did she

have any authority to require Plaintiff to provide a urinalysis on June 5th, 2013

because he was already off probation.[Defendant's Exhibit H]. Defendants are

unable to produce any court order requiring Plaintiff to comply with any terms of

probation after March 7th, 2013. This is why on July 22nd, 2013, after being held

for 21 days without any arraignment or hearing, Plaintiff was released.[Plaintiff's

Exhibit 5].

The Defendants claim that Tamara Peel "reported in writing to the Court

when the first of his two terms of consecutive, supervised probation had

ended...."[Motion for Summary Judgment, pg. 12]. A closer look at the record

shows something much different than the spin that Defendants wish to place the

record. First, Tamara Peel signed a "Motion for Discharge stating "that the above-

referenced defendant was given 364 days supervised probation and the

defendant has completed the period of probation without revocation.[Plaintiff's

Exhibit 4]. Conditions of probation may be modified at any time by the Court. See

§31-21-21 NMSA 1978. This is exactly what happened in the present case.

Plaintiff's probation was ended on March 7th, 2013.

13

Despite the record establishing that Plaintiff was finished with his probation by Court order on March 7th, 2013, the Defendants claim that "Ms Teel's acts 'had an integral relationship with the judicial process' and she therefore is clothed with absolute judicial immunity.[Motion for Summary Judgment, pg. 12]. However, there was no Court order after March 7th, 2013 keeping Plaintiff on probation. Defendants show no court order requiring him to report to Ms. Peel, or provide bodily fluids.

Defendants claim that the jail administrator David Casanova "is absolutely immune from suit for damages."[Motion for Summary Judgment, pg.13]. However, there have been numerous instances since 2009 when it was "discovered that [a] inmate had no pending charges against them."[Plaintiff's Exhibit 2, ¶9]. Further, there are no policies or procedures in place to prevent people from being placed in the Detention Center without actual charges against them![*Id.* ¶11, 12]. "To set forth an actionable procedural due-process claim, a plaintiff must demonstrate: (1) the deprivation of a liberty or property interest and (2) that no due process of law was afforded." *Ripley v. Wyoming Medical Center, Inc.,* 559F.3d1119, 1122(10th Cir. 2009). Plaintiff was incarcerated for 21 days without any procedures in place to ensure there were proper charges in

14

place. [*Id.*]. Plaintiff's repeated protestations when uninvestigated and ignored for 21 days.[Plaintiff's Exhibit 1, §5,6, 7, 8].

Finally, the Defendant claims without citation to any record that "...it is anybody's guess what [Charlene Webb] is alleged to have done in alleged violation of the United States Constitution." However, the court must view the record in a light most favorable to the parties opposing summary judgment. *Deepwater Invs. Ltd. v. Jackson Hole Ski Corp.,* 938 F.2d 1105, 1110(10th Cir. 1991).

She was a final decision maker regarding the operation of the Detention Center.[Plaintiff's Exhibit 2,¶8]. "[S]he has absolutely no training in the operation of a Detention Center in a lawful and constitutionally proficient manner [and] did not as final decision maker operate the Detention Center in a lawful and constitutionally proficient manner including ensuring that inmates were properly in detention."[*Id.*]. There are no policies or procedures "ensuring inmates have actual pending charges...."[*Id.*¶12]. She ran the detention center with deliberate indifference to the constitutional rights of the inmates including the Plaintiff.

The United States Supreme Court has set forth a three prong test establishing a due process claim based on post-arrest detention, to wit: (1) the extent of plaintiff's protests, (2) the time elapsed and (3) whether the plaintiff received due process procedures. *Baker v. McCollan,* 443 U.S.137, 144-45, 99 S.Ct.

2689 (1979).  Plaintiff informed multiple jail employees that he should not be in

jail between July 1st and July 22nd, 2013.[Plaintiff's Exhibit 1, ¶6]. He was

incarcerated 21 days without the probation officer Tamara Peel ever seeing

him.[*Id.* ¶4]. The probation violation was filed on June 12th, 2013.[Defendant's

Exhibit H]. Plaintiff was entitled to release on July 12th, 2013 because the initial

hearing was not filed within thirty days of "the date of the filing of a motion to

revoke probation."NMRA Rule 5-805 G(1). In addition, his conditions of release

were not reviewed within five days as required by Rule 5-805 D. The District

Attorney did not file a motion to revoke probation within five days of receiving

the probation violation as required by NMRA Rule 5-805 F. The charges should

have been dismissed as a matter of law because an initial hearing was not held

within thirty days of the probation violation report being filed. See NMRA Rule 5-

805G (1). Thus, Plaintiff has established a post-arrest substantive due process

claim against the Defendants.

### QUALIFIED IMMUNITY DOES NOT PROTECT TAMARA PEEL

Qualified immunity "protects government officials 'from liability for civil

damages insofar as their conduct does not violate clearly established statutory or

constitutional rights of which a reasonable person would have known.'" *Pearson*

*v. Callahan,* 555U.S.223,231,129S.Ct.808, 172L.Ed.2d565(2009). A court presented

with a summary judgment motion based on qualified immunity must first answer a threshold question: "[t]aken in the light most favorable to the party asserting the injury, do the facts alleged show that [Defendant's]conduct violated a constitutional right?" *Saucier v. Katz,* 533U.S.194, 201, 121S.Ct.2151, 150 L. Ed. 2d272(2001). "[T]he next, sequential step is to ask whether the right was clearly established." *Id.*

At the time the Plaintiff was arrested, the law was clearly settled that arresting a citizen based on a bench warrant where no probable cause existed violated the constitutional rights of a citizen. *Tennessee v. Garner,* 471U.S.1, 7, 105S.Ct.1694, 85L. Ed.2d1(1985)(an official must have probable cause to arrest an individual). The Tenth Circuit Court of Appeals stated in 1990 that a public official is not entitled to qualified immunity where she knew or should have reasonable known that their acts would cause others to deprive Plaintiff of his constitutional rights. *Snell v. Tunnell,* 920 F.2d 673(10th Cir. 1990). In *Snell* a social worker gave false information on a probable cause statement for a search warrant. The Tenth Circuit Court of Appeals stated that "…a reasonable public official would have known that using false information to secure an order to justify entry and search of a private home would violate the fourth amendment's proscription on unreasonable searches and seizures." Here, Tamara Peel knowing that Plaintiff

17

was no longer on probation required him to continue reporting to her and caused

him to give a urine sample (an unreasonable search and seizure), knowing that he

was not on probation.

In any event, Ms. Peel is not a state employee but an independent

contractor.[Plaintiff's Exhibit 6]. There were no valid court orders after March 7th,

2013 requiring Plaintiff to report or comply with Ms. Peel's directives including

invasive procedures for body fluids.

The Defendant claims without discussion that "qualified immunity applies,

too, to Ms. Webb and Mr. Casanova.[Motion for Summary Judgment, pg. 15].

However, mere argument of counsel does not establish a right to summary

judgment. See *Celotex Corp. v. Catrett,* 477 U.S. 317, 323, 106 S.Ct. 2548, 91 L. Ed

2d 265(1986) (The moving party bears the initial burden of showing the absence

of material fact; D.N.M.L.R.-Civ. 56.1 (b). However, as set forth above, a

substantive due process claim is made out against both Ms. Webb and Mr.

Casanova.

## VIII.   <u>THERE ARE MATERIAL ISSUES OF FACT REGARDING THE TORT CLAIMS FOR FALSE IMPRISONMENT</u>

The Defendants claim that there was probable cause to arrest

Plaintiff.[Motion for Summary Judgment, pg. 16]. As set forth above, Plaintiff was

off probation by admission of the District Attorney's office, Tamara Peel, and by Order of the Court effective March 7th, 2013.[Plaintiff's Exhibits 3, and 4]. There was no reason for Plaintiff to continue reporting or abiding by probation. Thus, the Probation violation was non-existent because there was no probation to be violated! Both Ms. Webb and Mr. Casanova know or should have known that this unlawful arrest had taken place, but had absolutely no policies in place to prevent such an occurrence.[Plaintiff's Exhibit 2, ¶7, 8, 9, 10, 11, 12].

The Defendant Casanova did absolutely nothing from July 1st, 2013 through July 22nd, 2013 to ensure that Plaintiff was validly incarcerated.[Plaintiff's Exhibit 1, ¶6,7]. Plaintiff had been discharged from the terms of probation for good behavior on March 7th, 2012.[Plaintiff's Exhibit 1, ¶3]. A quick review of Plaintiff's court file available on line would have shown that he was not on probation but had been discharged effective March 7th, 2013.[ *Id.*¶3,6].

## IX.   <u>CONCLUSION</u>

For the reasons set forth in this Response Memorandum, the Court should deny the motion and proceed to trial on the merits.

Respectfully Submitted:

/s/ Eric D. Dixon

_____

Eric D. Dixon
Attorney and Counselor at Law, P.A.
301 South Avenue A,
Portales, New Mexico, 88130
(575) 359-1233
Facsimile: (575) 356-4946
Attorney for Plaintiff

## CERTIFICATE OF SERVICE

I hereby certify that I filed the foregoing using the Court's electronic filing system, or CM/ECF system on the 4th day of November, 2013 which caused a copy to be served on counsel for Defendants.

/s/ Eric D. Dixon
_____
Eric D. Dixon