IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

FRANCISCO FRANCO,

                  Plaintiff,

vs.

BOARD OF COUNTY COMMISSIONERS
FOR THE COUNTY OF ROOSEVELT, in its
Official capacity; CHARLENE WEBB, in her
Individual and official capacities; DAVID
CASINOVA, in his individual and official
Capacities; and TAMARA PEEL, in her
Individual and official capacities,

                  Defendants           No. 13-CV-714-LH/GBW

## PLAINTIFF FRANCISCO FRANCO'S CROSS MOTION FOR SUMMARY JUDGMENT PURSUANT TO FED. R. CIV. PROC. 56 AND MEMORANDUM IN SUPPORT ON QUALIFIED IMMUNITY DEFENSE AND AS TO LIABILITY

COMES NOW, Plaintiff Francisco Franco, by and through his undersigned

attorney Eric D. Dixon, Attorney and Counselor at Law, P.A., Portales, New

Mexico, and for his Cross Motion for Summary Judgment Pursuant to Fed. R. Civ.

Proc. 56 and Memorandum in Support on Qualified Immunity Defense and as to

Liability states:

A. **Introduction:**

Plaintiff Francisco Franco filed his Civil Complaint for Civil Rights Violatoins

in the United States District Court for New Mexico on August 2nd, 2013.[Doc.1].

He alleges deprivation of due process under the Fourth and Fourteenth

Amendments to the United States Constitution.[Count I-Doc. 1, pg. 5]. In his

1

second cause of action he complains of unlawful arrest in violation of the Fourth and Fourteenth Amendments against Defendants.[Doc. 1, pg. 6]. Finally, he asserts a claim for false imprisonment against the Board of County Commissioners for Roosevelt County.

Defendants filed a "Motion for Summary Judgment Based on Absolute Immunity and Qualified Immunity.[Doc. 18]. Plaintiff filed a timely Response.[Doc. 22].

**B. Cross summary judgment standard:**

Under Federal Rule of Civil Procedure 56(a), a party may receive summary judgment if that party "shows that there is no genuine dispute as to any material fact and [the party] is entitled to judgment as a matter of law." When both parties move for summary judgment, the court must analyze each motion individually and on its own merits. See *Buell Cabinet Co. v. Sudduth,* 608 F.2d 431, 433 (10th Cir.1979) (explaining that "[c]ross-motions for summary judgment are to be treated separately; the denial of one does not require the grant of another."). "Cross-motions for summary judgments, however, do authorize a court to assume that there is no evidence which needs to be considered other than that which has been filed by the parties." *Brubach v. City of Albuquerque,* 893 F.Supp.2d 1216, 1223 (D.N.M.2012) (citing *Buell Cabinet Co.,* 608 F.2d at 433; *Harrison W. Corp. v. Gulf Oil Co.,* 662 F.2d 690, 692 (10th Cir.1981)). "Where the facts are not in dispute and the parties only disagree about whether the actions were constitutional,

summary disposition is appropriate." *Christian Heritage Acad. v. Okla. Secondary Sch. Activities Ass'n,* 483 F.3d 1025, 1030 (10th Cir.2007) (citing FED. R. CIV. P. 56(c)).

C. <u>**Undisputed Facts:**</u>

1. The Additional Material Facts in Plaintiff's Response to Motion for Summary Judgment numbered A through K are incorporated herein by reference as if set forth in full. The supporting documents numbered Plaintiff's Exhibits 1 through 6 are incorporated herein by reference.[Doc. 22, pg. 8-10].

2. A status conference was held in the Ninth Judicial District Court which resulted in an "Order From Status Conference" being filed in the Ninth Judicial Court on November 22nd, 2013.[Plaintiff's Exhibit 7].

3. The "Order From Status Conference" signed by District Judge Donna Mowrer states that "[t]he Motion to revoke probation filed herein on June 27th, 2013 is dismissed with prejudice because the Court has no jurisdiction as Defendant Francisco Franco was discharged from all probation in the above styled and captioned cause of action on March 7th, 2013."[Plaintiff's Exhibit 7].

4. Tamara Peel required Plaintiff to continue to report for probation after March 7th, 2013.[Doc. 18-8 Defendant's Exhibit H].

5. Tamara Peel required Plaintiff to submit to a urine test on June 5th, 2013.[*Id.*].

6. Tamara Peel submitted a "Report of Violation" of Plaintiff's probation on June 12th, 2013 despite the fact that he was not on probation after March 7th, 2013.[*Id.* Plaintiff's Exhibit 7].

7. A three thousand dollar cash only bond was requested and granted by Tamara Peel.[Doc. 18-8 Defendant's Exhibit H]

8. Plaintiff was held without any valid charges between July 1st, 2013 and July 22nd, 2013 when it was "discovered" at his arraignment that he was off all probation effective March 7th, 2013.[Doc. 22-1, Affidavit of Plaintiff, para. 7].

**D. Argument**

**1. Qualified Immunity**

Whether a defendant is entitled to qualified immunity is a legal question. *Wilder v. Turner,* 490F.3d810, 813(10th Cir. 2007); see also, *Gonzales v. Duran,* 590F.3d855, 859(10th Cir. 2009)(Qualified immunity is "almost always" a question of law.). Qualified immunity recognizes the "need to protect officials who are required to exercise their discretion and the related public interest in encouraging the vigorous exercise of official authority." *Harlow v. Fitzgerald,* 457 U.S. at 807. "Qualified immunity protects federal and state officials from liability for discretionary functions, and from 'the unwarranted demands customarily imposed upon those defending a long drawn-out lawsuit.' *Siegert v. Gilley,* 500 U.S. 226,

4

232 (1991)). Issues of qualified immunity are best resolved at the "earliest possible stage in litigation." *Pearson v. Callahan,* 129 S.Ct. 808, 815 (2009)(quoting *Hunter v. Bryant,* 502 U.S. 224, 227 (1991)(per curiam)).

Qualified immunity shields government officials from liability where "their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Pearson v. Callahan,* 129 S.Ct. at 815 (quoting *Harlow v. Fitzgerald,* 457 U.S. 800, 818 (1982)). When a defendant asserts qualified immunity at summary judgment, the responsibility shifts to the plaintiff to meet a "heavy two-part burden." *Medina v. Cram,* 252 F.3d 1124, 1128 (10th Cir.2001). The plaintiff must demonstrate on the facts alleged: (i) that the defendant's actions violated his or her constitutional or statutory rights; and (ii) that the right was clearly established at the time of the alleged unlawful activity. *See Riggins v. Goodman,* 572 F .3d 1101, 1107 (10th Cir.2009). In evaluating whether the right was clearly established, the court considers whether the right was sufficiently clear that a reasonable government employee in the defendant's shoes would understand that what he did violated that right. *See Casey v. W. Las Vegas Indep. Sch. Dist.,* 473 F.3d 1323, 1327 (10th Cir.2007). In determining whether the plaintiff has met his or her burden, the court construes the facts in the light most favorable to the plaintiff as the non-moving party. *See Scott v. Harris,* 550 U.S. 372, 378 (2007). A clearly established right is generally defined as a right so

thoroughly developed and consistently recognized under the law of the jurisdiction as to be "indisputable" and "unquestioned." *Zweibon v. Mitchell,* 720 F.2d 162, 172–73 (D.C.Cir.1983). "Ordinarily, in order for the law to be clearly established, there must be a Supreme Court or Tenth Circuit decision on point, or the clearly established weight of authority from other courts must have found the law to be as the plaintiff maintains." *Currier v. Doran,* 242 F.3d 905, 923 (10th Cir.2001)). *See Medina v. City & Cnty. of Denver,* 960 F.2d 1493, 1498 (10th Cir.1992). On the other hand, the Supreme Court has observed that it is generally not necessary to find a controlling decision declaring the "very action in question ... unlawful." *Anderson v. Creighton,* 483 U.S. 635, 640 (1987). "In determining whether the right was 'clearly established,' the court assesses the objective legal reasonableness of the action at the time of the alleged violation and asks whether 'the contours of the right [were] sufficiently clear that a reasonable official would understand that what he is doing violates that right.' " *Holland ex rel. Overdorff v. Harrington,* 268 F.3d 1179, 1186 (10th Cir.2001)(quoting *Saucier v. Katz,* 533 U.S. at 202).

The Supreme Court recently revisited the proper procedure for lower courts to evaluate a qualified-immunity defense. In *Pearson v. Callahan,* the Supreme Court held that lower courts "should be permitted to exercise their sound discretion in deciding which of the two prongs of the qualified immunity analysis should be addressed first in light of the circumstances of the particular case at hand." 129

S.Ct. at 821. The Supreme Court also noted in *Pearson v. Callahan* that, while no longer mandatory, the protocol outlined in *Saucier v. Katz* would often be beneficial. *See* 129 S.Ct. at 821. Once the plaintiff has established the inference that the defendant's conduct violated a clearly established constitutional right, a qualified-immunity defense generally fails. *See Cannon v. City & Cnty. of Denver,* 998 F.2d 867, 870–71 (10th Cir.1993).

It was well established in 2013 that an arrest without probable cause is a violation of the Fourth Amendment. *Romero v. Fay,* 45F.3d1472, 1474(10th Cir. 1995). In addition, "it [is] clearly established that state officials had a duty to protect individuals whom they had taken involuntarily into their phsycial custody and control." *Liebson v. N.M. Corr. Dept.,* 73F. 3d274, 277(10th Cir. 1996). Thus, the Defendants claim of qualified immunity fails as a matter of law because Plaintiff was subjected to the rigors of probation, probation costs, a urine test, and 21 days of incarceration despite the fact that his probation had ended three months prior.[Doc. 22-1, para. 3-8; Plaintiff's Exhibit 7].

## 2. <u>Plaintiff was denied substantive and procedural due process</u>

The Fourteenth Amendment states: "No State shall ... deprive any person of life, liberty, or property, without due process of law ." U.S. Const. amend. XIV. The Due Process Clause encompasses two distinct forms of protection: (i) procedural due process, which requires a state to employ fair procedures when depriving a

person of a protected interest; and (ii) substantive due process, which guarantees that a state cannot deprive a person of a protected interest for certain reasons. *See, e.g., Cnty. of Sacramento v. Lewis,* 523 U.S. 833, 845–46 (1998). "Under either form of protection, however, a person must have a protected interest in either life, liberty, or property." *Chavez–Rodriguez v. City of Santa Fe,* No. 07–0633, 2008 WL 5992271, at *6 (D. N.M. Oct. 9, 2008)(Browning, J.).

"The Constitution does not create or define the contours of 'liberty' or 'property,' the 'broad and majestic terms' enshrined in the Fourteenth Amendment." *Farthing v. City of Shawnee, Kan.,* 39 F.3d 1131, 1135 (10th Cir.1994)(quoting *Bd. of Regents of State Colls. v. Roth,* 408 U.S. 564, 571 (1972)). "To have a property interest in a benefit, a person clearly must have more than an abstract need or desire for it. He must have more than a unilateral expectation of it. He must, instead, have a legitimate claim of entitlement to it." *Bd. of Regents of State Colls. v. Roth,* 408 U.S. at 577. "Such an interest arises not from the Due Process Clause of the Constitution itself, but is 'created by independent sources such as a state or federal statute, a municipal charter or ordinance, or an implied or express contract.' " *Teigen v. Renfrow,* 511 F.3d 1072, 1079 (10th Cir.2007). *See Bd. of Regents of State Colls. v. Roth,* 408 U.S. at 577 ("Property interests, of course, are not created by the Constitution. Rather they are created and their dimensions are defined by existing rules or understandings that

stem from an independent source such as state law—rules or understandings that

secure certain benefits and that support claims of entitlement to those benefits.”);

*Farthing v. City of Shawnee, Kan.,* 39 F.3d at 1135 (“Rather, property interests,

which are the subject of the present litigation, ‘are created and their dimensions are

defined by existing rules or understandings that stem from an independent source

such as state law.’ “ (quoting *Bd. of Regents of State Colls. v. Roth,* 408 U.S. at

577)); *Paul v. Davis,* 424 U.S. 693, 710 (1976)(“[Liberty and property] interests

attain ... constitutional status by virtue of the fact that they have been initially

recognized and protected by state law.”).

  Arrest without probable cause is a violation of the Fourth Amendment. *Romero

v. Fay,* 45F.3d1472, 1474(10th Cir. 1995)(defendants not entitled to qualified

immunity because  they arrested the Plaintiff without probable cause.). In addition,

“it [is] clearly established that state officials have a duty to protect individuals

whom they had taken involuntarily into their physical custody and control.”).

  Plaintiff protested to multiple jail employees between July 1st, and July 22nd

to no avail.[Doc. 22-1, para. 6]. There have been numerous instances where

inmates were discovered to have no pending charges against them.[Doc. 22-2,

para. 9]. Arbitrary rules were made up by the administrator. Policies and

procedures regarding ensuring inmates have actual pending charges are non-

existent.[*Id.* para. 12]. The County Manager has absolutely no training in the

9

operation of the Detention center in a lawful and constitutionally proper manner.[*Id.* para. 8]. The County Manager as final decision maker in the operation of the Detention Center failed to operate it in a lawful and constitutionally proficient manner, including ensuring that inmates were properly in detention.[*Id.* para. 8].

3. **Ms. Peel is not entitled to immunity because she is a private contractor**

Ms. Peel is a private contractor with a contract to provide misdemeanor monitoring with Roosevelt County Commissioners.[Doc. 22-See Plaintiff's Exhibit 6]. "The Contractor is not an agent or employee of the County and will not be considered an employee of the County for any purpose." *Id.*  Thus, Ms. Peel is not entitled to qualified immunity at all. See *Richardson v. Mc Knight,* 521U.S.399, 412, 117S.Ct. 2100, 138L.Ed 2d540(1997)("[P]rivate prison guards, unlike those who work directly for the government, do not enjoy immunity from suit in a §1983 case.").

Here, the private contract misdemeanor compliance contractor filed a "Report of Probation Violation on June 12th, 2013.[Doc.18-8, Defendant's Exhibit H]. She required Plaintiff to take a urine test on June 8th, 2013.[*Id.*]. It is un-contradicted that Plaintiff was off probation effective March 7th, 2013.[Plaintiff's Exhibit 7]. Thus, Ms. Peel required Plaintiff to report to her as a probationer for three months, pay probation fees, subjected him to probation rules and even requested a urine

sample in reckless and/or deliberate indifference to Plaintiff's constitutional rights. The probation violation report resulted in Plaintiff being arrested on July 1st, 2013 and held without any probable cause for 22 days.[Doc.22-1, para. 3-8; and Plaintiff's Exhibit 7].

### 4. New Mexico Tort Claims Act for wrongful imprisonment

A County Detention Center Director falls within the definition of a law enforcement officer found in the State Tort Claims Act and is not immune from suit. *Abalos v. Bernalillo County Dist. Atty's Office,* 105N.M.554, 734 P. 2d 794(1987). Plaintiff told multiple jail employees between July 1st, 2013 and July 22nd, 2013 that he should not be in jail, but no action was taken to verify his complaint.[Additonial Material Facts, para. C, Doc. 22]. There have been numerous instances where it was discovered by the Detention Center that the inmate had no pending charges against them.[*Id.* para. F]. The Jail Administrator David Casanova makes up arbitrary rules and there are no policies and procedures regarding ensuring inmates have actual pending charges.[*Id.* para. H and I]. A review of the Court file available on line would have shown that Plaintiff had been discharged from probation on March 7th, 2013. [*Id.* para. J]. Summary judgment as to liability of the Roosevelt County Commissioners for false imprisonment should be granted.

E. **Conclusion:**

For the reasons set forth herein, the Plaintiff's Motion for Partial Summary Judgment should be granted; and Plaintiff asks for such further and additional relief as the Court deems appropriate.

Respectfully Submitted:

/s/ Eric D. Dixon
_____

Eric D. Dixon
Attorney and Counselor at Law, P.A.
301 South Avenue A,
Portales, New Mexico, 88130
(575) 359-1233
Facsimile: (575) 356-4946
Attorney for Plaintiff

**CERTIFICATE OF ATTEMPTED REQUEST FOR CONCURRENCE**

COMES NOW, Plaintiff by and through his undersigned attorney pursuant to D.N.M.L.R-Civ.7.1 (a) and states that a good faith request for concurrence was made before filing this motion, and such concurrence was denied by Defendants.

/s/ Eric D. Dixon
_____

Eric D. Dixon

## **<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that I filed the foregoing using the Court's electronic filing

system, or CM/ECF system on the 25th day of November, 2013, which caused a

copy to be served on counsel for Defendants.

/s/ Eric D. Dixon
_____

Eric D. Dixon