IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

FRANCISCO FRANCO,

    Plaintiff,

v.                                              CIV No. 13-714 LH/GBW

**THE BOARD OF COUNTY COMMISSIONERS FOR THE COUNTY OF ROOSEVELT, in its official capacity, CHARLENE WEBB, in her individual and official capacities, DAVID CASANOVA, in his individual and official capacities, and TAMARA PEEL, in her individual and official capacities,**

    Defendants.

## ORDER

**THIS MATTER** comes before the Court on Plaintiff's motion to strike (ECF No. 23).[1] Plaintiff first objects to consideration by the Court of paragraphs 4 and 15 of Exhibit A, which is the Affidavit of Defendant Tamara Peel. He next objects to Defendants' Exhibit H, which is a Report of Violation. For the reasons that follow, this motion shall be **granted in part and denied in part.**

### Paragraphs 4 and 15 of Exhibit A, Defendant Peel's Affidavit

In Paragraph 4 of her affidavit, Defendant Peel states that the New Mexico State Legislature has authorized counties to create a Misdemeanor Compliance Program, and she

---

[1] The full title of this motion is: "Motion to Strike Exhibit A¶ 4, and 15 and Exhibit H Attached to the Motion for Summary Judgment as Inadmissible Hearsay and Memorandum in Support."

1

indicates her opinion about how the legislation and related guidelines are supposed to work, as well as their purpose. In Paragraph 15, Defendant Peel states what she thinks are the purpose and intent of Exhibit H. Exhibit H is a five page document, entitled "Report of Violation" which was submitted to the state district court.

Defendants maintain that these paragraphs are relevant and admissible because they explain Defendant Peel's "personal knowledge" about the statute, guidelines and court documents at issue, all the while acknowledging that this Court itself can review these documents. Defendants do not strenuously argue in favor of the admissibility of these two paragraphs of Defendant Peel's affidavit.

The Court concludes that these two paragraphs of Defendant Peel's affidavit will be **stricken**. It is the province of this Court to interpret state legislation, attendant guidelines, and documents that have been submitted to the state district court. This interpretation is not something about which a legal or lay witness can properly provide legal opinions to the Court. *See Specht v. Jensen,* 853 F.2d 805, 807 (10th Cir. 1988)(noting that it is "axiomatic that the judge is the sole arbiter of the law and its applicability."). Defendant Peel's "personal knowledge" about these topics is neither relevant nor helpful, and will not be considered by the Court. The Court will conduct its own analysis about the statute, guidelines and court documents at issue.

## **Exhibit H**

Exhibit H is a Report of Violation ("Report") that Defendant Peel submitted to the state district court on June 12, 2013. This Report recommended that a bench warrant be issued for Plaintiff, based on charged probation violations. Specifically, the Report indicated that Plaintiff

had violated two conditions of his probation because he tested positive in a random drug screening on June 5, 2013, and because he was observed by a Portales police officer as being "highly intoxicated" during a domestic disturbance call. The Report references and attaches a "Drug Detail Report from Quest Diagnostics (ECF No. 18-8, p. 3) and a "Portales Police Department Incident Narrative." (ECF No. 18-8, p. 4)

Plaintiff objects to pages 1 and 2 of the Report on the grounds that Defendant Peel was without personal knowledge of the facts she set forth in this Report. He also raises hearsay objections to the entire Report, including the attached laboratory report and the incident narrative. He further objects to the incident narrative as containing inadmissible opinions without foundation or personal knowledge.

Defendants argue that Exhibit H (and the two objected-to attachments) are not hearsay, because they are offered, not for the truth of the matter asserted, but rather, to establish the information conveyed to state court, upon which Judge Tatum relied in issuing a bench warrant. Defendants note that Plaintiff himself relies on this exhibit to provide the factual basis for his unlawful arrest claim.

The Court agrees that, under FED.R.EVID. 801(c), Exhibit H and the two objected-to attachments, are not offered to prove the truth of the contents of these documents, but rather, to establish what information was before Judge Tatum, upon which he based his decision to issue a bench warrant. Furthermore, whether or not Defendant Peel had personal knowledge or a proper factual foundation for what she wrote in pages 1 and 2 of the Report, is irrelevant to this issue.

**WHEREFORE, IT IS HEREBY ORDERED** that Paragraphs 4 and 15 of Defendant Peel's affidavit, Exhibit A, shall be **stricken**, and that Exhibit H (and its two objected-to attachments) shall **not be stricken.**

**IT IS SO ORDERED.**

_____
**SENIOR UNITED STATES DISTRICT JUDGE**

.