IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

FRANCISCO FRANCO,

        Plaintiff,

v.                                                               CIV No. 13-714 LH/GBW


THE BOARD OF COUNTY COMMISSIONERS
FOR THE COUNTY OF ROOSEVELT, in its
official capacity, CHARLENE WEBB, in her
individual and official capacities, DAVID
CASANOVA, in his individual and official
capacities, and TAMARA PEEL, in her
individual and official capacities,

        Defendants.


## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on Plaintiff's cross-motion for summary judgment (ECF No. 27).[1]  The Court, having reviewed the motion, response thereto, reply brief, the summary judgment record before the court and relevant case law, concludes that the motion is **denied.**


### I.  Legal Standards for Cross-Motion for Summary Judgment

When both parties move for summary judgment, the Court must analyze each motion individually and on its own merits.  *See Buell Cabinet Co., Inc. v. Sudduth,* 608 F.2d 431, 433

---

[1] The full title of this motion is:  "Plaintiff Francisco Franco's Cross Motion for Summary Judgment Pursuant to Fed.R.Civ.Proc.56 and Memorandum in Support on Qualified Immunity Defense and as to Liability."  This cross-motion was filed on November 25, 2013, subsequent to Defendants' motion for summary judgment, which was filed on October 18, 2013.  These motions have been decided by the Court in the order in which they were filed.

1

(10th Cir. 1979)(explaining that cross-motions for summary judgment are to be treated separately); *Atlantic Richfield Co. v. Farm Credit Bank of Wichita,* 226 F.3d 1138, 1148 (10th Cir. 2000). Cross-motions for summary judgment are examined under the usual Rule 56 standards, *Saieg v. City of Dearborn,* 641 F.3d 727, 733-34 (6th Cir. 2011), with the court viewing all facts and reasonable inferences in the light most favorable to the nonmoving party. *See Edwards v. Briggs & Stratton Ret. Plan,* 639 F.3d 355, 359 (7th Cir. 2011).

## II.  Undisputed Facts

The undisputed facts, set forth in the Court's prior Memorandum Opinion and Order, relating to Defendants' motion for summary judgment (ECF No. 40), are incorporated herein by reference as if set forth in full. This prior rendition of undisputed, material facts essentially chronologically covers the time period from the date when Plaintiff was charged with a felony and a misdemeanor (December 27, 2010), through the time when he was released from custody, following detention for an alleged probation violation (July 22, 2013). In contrast, Plaintiff's cross-motion for summary judgment relies primarily upon events that begin with his release from custody in July 2013. The following is a summary of undisputed facts that Plaintiff contends are relevant and dispositive to his cross-motion.

As already noted, Plaintiff was released from custody on July 22, 2013, following an arraignment hearing before Roosevelt County District Judge Mowrer. In connection with his cross-motion, Plaintiff submitted Exhibit 9, one page of a transcript from this hearing. Although the Court finds this extremely brief portion of the transcript to be confusing, it is clear that Deputy Assistant District Attorney Brian Stover told Judge Mowrer that there had been a discharge of Plaintiff from probation. Both Judge Mowrer and Mr. Stover noted confusion as to

whether there was a consecutive cause number wherein probation possibly began on March 8, 2013, raising the issue as to whether there "is a different cause number out there."

Plaintiff also submitted Exhibit 8, one page of a transcript from a status conference that Judge Mowrer held in this same case approximately four months later, on November 22, 2013. At that status conference, Deputy Assistant District Attorney Brian Stover represented to Judge Mowrer that Plaintiff had been discharged from probation in Cause Number D-911-CR-2010-206 in March of 2013. On the same day, Judge Mowrer entered an Order from Status Conference (Ex. 7), dismissing with prejudice the June 27, 2013 Motion to Revoke Probation "because the Court has no jurisdiction as Defendant Francisco Franco was discharged from all probation . . . on March 7, 2013."

### III.  Discussion

Plaintiff argues that these two transcripts and the November 22, 2013 order establish that, in fact, he was discharged from all probation on March 7, 2013. Based on the content of these documents, Plaintiff attempts to convince this Court that his July 22, 2013 arrest and incarceration were in violation of his rights under federal and state law.

For the reasons that follow, the Court finds that the materials that Plaintiff has submitted in support of his cross-motion are irrelevant to matters at issue in this litigation. Relevant evidence "means evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." FED.R.EVID. 401.

The Court notes that these two court proceedings and the creation of the order occurred well after Plaintiff's allegedly illegal arrest and incarceration. As the Court concluded in its prior

summary judgment ruling (ECF No. 40), none of Plaintiff's claims in his complaint has survived summary judgment. The legal conclusions set forth in that Memorandum Opinion and Order are unaltered by the two hearings and the order that occurred subsequent to Plaintiff's incarceration in early July 2013. At the time the bench warrant was issued for Plaintiff's arrest, the state court record in Plaintiff's criminal case was clear: the prosecutor (Deputy Assistant District Attorney Brian Stover), the probation officer, and State District Judge Tatum had all concluded that there was probable cause to believe that Plaintiff had violated the conditions of his second term of probation.

As noted in the Court's prior Memorandum Opinion and Order, the bottom line precluding liability of any of the Defendants for each of Plaintiff's claims is as follows: even if she erroneously informed the Court in June that Plaintiff had violated terms of his probation, Defendant Peel is protected by absolute immunity; that Defendant Casanova (or his employees) incarcerated Plaintiff pursuant to a facially valid bench warrant entered by state district Judge Tatum, and therefore he is protected by absolute immunity; that Plaintiff failed to adduce any evidence whatsoever of Defendant Webb's conduct, and that summary judgment has been entered in her favor; that Plaintiff failed to prove a municipal policy or custom that resulted in a violation of Plaintiff's constitutional rights, leading this Court to grant summary judgment to the Board for claims in Count I; and, that Plaintiff has failed to designate sufficient, specific facts upon which a jury could return a verdict of false imprisonment against Casanova or the Board. None of these legal conclusions is affected in any way by court proceedings that occurred one to five months *after* the actions of Defendants that are challenged in this lawsuit. These later court hearings and the November 22, 2013 order are simply of no consequence to the Court's

determination that there is no potential liability of the named Defendants for violation of Plaintiff's rights.

    **WHEREFORE, IT IS HEREBY ORDERED** that Plaintiff's cross-motion for summary judgment is denied.

    **IT IS SO ORDERED.**

_____
**SENIOR UNITED STATES DISTRICT JUDGE**

.